CaRUTHERS, J.,
delivered the opinion of the Court.
This was an action of ejectment, in which a most difficult and complicated question of boundary was presented to the jury. The verdict and judgment were for the defendant. There was a motion for a new trial, which was disposed of, as the bill of exceptions shows, in these words: “A motion for a new trial was refused, the Court stating that, but for the fact of the number of verdicts in favor of the right of defendant, he would have granted a new trial, as against evidence and the charge of the Court; but as this was the fourth verdict establishing the line as claimed by Gray, it could not be said that the *593 jury bad acted rashly, it being a question of fact fairly submitted to them.”
This Court has in very many reported and more unreported cases held that it will not disturb the verdict of a jury upon questions of fact, where the law has been correctly charged, and no error in the rulings of the Court in the progress of the trial, if there be any evidence in the record to sustain it, and the Circuit Judge has evinced his satisfaction with it by overruling a motion for a new trial. Eor the government of this Court no other rule
could be adopted in accordance with correct principles. It would be exceedingly unsafe for this Court to undertake to weigh the evidence, and decide against the concurring opinions of a jury and Circuit Judge as to its preponderance. We can have but an imperfect view of the evidence, as we only see it on paper as recorded by the attorneys, often very imperfectly: they have the witnesses standing before them, hear all they say, the manner of saying it, the emphasis used, the mode of testifying, and, in general, have the advantage of all those tests of truth, the value of which are so well understood by all men of experience in the investigation of facts by the means of human testimony. It may be well said on this subject that we see the facts as through a glass, darkly, but they face to face. The triers of facts may often be well justified in giving more credit to one witness than half a dozen others, from various facts and circumstances in behavior, manner, and evidences of leaning to one side or the other, which cannot be presented fully in a bill of exceptions. Some witnesses are swift and eager to tell all that may favor one side, and reluctant in disclosing facts that may favor the other: others quail before a scrutinizing cross-examination, while *594 another will pass through the ordeal so well as to inspire full confidence. But on paper all appear alike, except so far as the intrinsic character of their imperfectly recorded evidence may show a distinction. It is impossible to transfer to paper those various tests of truth to which reference has been made, and of which the jury and Circuit Judge enjoy the advantage. No mode has yet been discovered by which a case depending on oral evidence can be presented to a revising Court just as it appeared to the Court below. This being so, the rule of this Court which has been stated must commend itself to every thinking mind as one founded in reason and good sense.
But, as we have often had occasion to say and write, this rule has .no application to the Circuit Court, as the reason of it would entirely fail there. The Circuit Judge has all the means of forming a correct opinion as to the credibility of witnesses and weight of evidence which are enjoyed by the jury; and it is his duty to grant a new trial in all cases where he believes the preponderance of the proof is decidedly against the finding. Although, by the theory of our system, the jury are the proper and exclusive .triers of the facts, yet the law requires the Circuit Judge, who is presumed to have more practice and skill in the investigation of truth, to set aside their verdicts whenever, in his opinion, they have disregarded or misconceived the force of the proof, that a new trial may be had. The same result must always follow where the law, as laid down by the Judge, has been disregarded.
The rule upon which this Court acts in relation to new trials upon questions of fact, for the reasons before stated, makes it more important that the Circuit Judge should conform strictly to his duty in granting new trials, when *595 ever, in his opinion, the verdict is against the decided preponderance of evidence. We often have cause to believe, from what we see of cases in hills of exceptions, that this rule for the government of the presiding Judge has not been strictly adhered to. We have many cases before us in which, from what we see of them, great injustice has been done by the failure of the Circuit Judge to grant new trials. The time, expense, and trouble of another trial should never he regarded where the justice of a case requires it. It is the evidence we have in the bill of exceptions that the Circuit Judge is satisfied with the verdict that constitutes the main ground of the rule by which we govern our action in granting new trials. In this case the reason of the rule fails, as the Judge says the finding is both against the evidence and the law. Taking his statement to he true, without a critical examination of the evidence ourselves, as it is recorded in the hill of exceptions, we proceed to do what he should have done — grant a new trial. The fact upon which he rests his judgment refusing a new trial — that there had been other verdicts establishing the same line — does not legally appear in this record, not having been rendered in this suit, and could not therefore he properly constituted a ground for his action : he should have acted solely on the case before him.
There are some questions of evidence presented in the argument, hut we need not now consider them, as the objections taken may he remedied upon another trial.
Judgment reversed, and new trial granted.